UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JAMES SWANN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No. 1:24-cv-235 |
| v. | ) |  |
|  | ) | Judge Travis R. McDonough |
| JEFF CASSIDY, SULLIVAN COUNTY | ) |  |
| DETENTION CENTER, and SULLIVAN | ) | Magistrate Judge Susan K. Lee |
| COUNTY SHERIFF'S OFFICE, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## MEMORANDUM OPINION

Plaintiff James Swann, a prisoner incarcerated in the Sullivan County Detention Center, filed a complaint 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 6). Because the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") prohibits Plaintiff from proceeding as a pauper in this action, the Court **DENIES** Plaintiff's motion and **DISMISSES** this action without prejudice to Plaintiff's ability to pay the filing fee in full and reinstate this case.

### I. "THREE STRIKES" UNDER 28 U.S.C. § 1915

The resolution of Plaintiff's motion to proceed *in forma pauperis* is guided by the "three strikes" provision of PLRA, 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has received at least three "strikes" under the PLRA for filing complaints that fail to state a claim upon which relief may be granted. *See Swann v. Washington County Jail*, No. 1:22-CV-179, 2022 WL 4084416 (E.D. Tenn. Sept. 6, 2022) (citing *Swann v. Penske,* No. 1:20-CV-264 (E.D. Tenn. July 19, 2021); *Swann v. District Attorney of Kingsport*, et al., No. 1:22-CV-25 (E.D. Tenn. Feb. 7, 2022); *Swann v. Swann*, No. 2:21-CV-193 (E.D. Tenn. Feb. 24, 2022)); *see also Swann v. Barrong*, No. 1:24-CV-149 (E.D. Tenn. June 11, 2024) (denying motion to proceed *in forma pauperis* and dismissing case without prejudice based on Plaintiff's accumulation of strikes). Accordingly, Plaintiff has abused his *in forma pauperis* privileges. Therefore, the Court finds that he cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER

The PLRA's "imminent danger" exception allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where a court, "informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed his complaint. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citation omitted). But it is intended "as an escape hatch for genuine emergencies only." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Therefore, the threat must also be

2

"real and proximate" at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

In his complaint, Plaintiff complains that the Sullivan County Jail served all the inmates on his cell block dinner one evening on trays with "a white scum" and "old food/mold" on the bottom (Doc. 1, at 3–4). And even though the inmates complained, they did not get a new meal on clean trays. (*Id*. at 4.) These allegations do not allow the Court to draw the reasonable inference that Plaintiff was in imminent danger of serious physical injury when he filed this complaint. Accordingly, the Court declines to find that Plaintiff is entitled to the emergency intervention envisioned by the three-strikes exception to the PLRA, and he is not allowed to proceed as a pauper in this action.

## III.     CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* (Doc. 6) is **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk).

Additionally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**